UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
    ANNETTA LUCKEY,

                              Plaintiff,          No. 20-cv-01161-NSR-PED

                       -against-

    ST. LUKE'S CORNWALL HOSPITAL,

                              Defendant.

-------------------------------------------------------------------x

## STIPULATION AND ORDER OF CONFIDENTIALITY

      **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Annetta Luckey (hereinafter, "Plaintiff") and Defendant St. Luke's Cornwall Hospital (hereinafter, "Defendant") that:

      1.     All information produced by the parties in this action shall be subject to the terms and provisions set forth herein.

      2.     The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

           a.     The parties ("Parties") to this action shall mean (i) Plaintiff and any authorized attorney(s) acting on behalf of Plaintiff; and, (ii) Defendant, as well as the employees and representatives of Defendant, and any authorized agent(s), attorney(s) or other entities or person(s) acting on behalf of Defendant.

           b.     "Confidential Information" means any information, not generally available to the public, pertaining to Plaintiff or to Defendant's employees, clients, consumers, vendors, distributors or business practices where such information or documents are designated by the

producing party as confidential or contain information not generally and lawfully known to the public at large.  Such designation must occur in one of the following ways:  (1) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the other party; (2) information set forth in an affidavit may be so designated by including the word "CONFIDENTIAL" in the affidavit; (3) testimony of any witness deposed on oral examination, or a portion thereof, may be designated "CONFIDENTIAL" by making a statement on the record at the deposition or by marking the pertinent portion of the transcript "CONFIDENTIAL" within 30 days of receipt of the transcript and serving a copy of the marked transcript upon the opposing party; or, it is clear from the content or context that the information is not generally and lawfully known to the public at large; (4) copies of documents or other information designated as "CONFIDENTIAL" that may be provided to or possessed by a non-party witnesses in the course of pre-trial discovery or the trial of this action, as well as to testimony related thereto.

      3.     Any confidential information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose. The parties expressly agree that confidential information will not be disclosed to any third party during the pendency of this action and thereafter (except as permitted under the conditions specified in Paragraphs 4 and 5).

      4.     Except as otherwise provided in this Stipulation of Confidentiality, material designated as "confidential information" by either party may be examined only by the following persons:

    a. Parties, provided, however, that the respective receiving Party make no disclosure other than to his attorneys handling this lawsuit on their behalf or in proceedings in and regarding this lawsuit;

    b. Upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and only to the extent necessary for the prosecution of the instant matter, Plaintiff's witnesses and independent consultants or experts retained in connection with the instant action by Plaintiff;

    c. Defendant and persons acting on behalf of Defendant;

    d. Upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and only to the extent necessary for the defense of the instant matter, Defendant's witnesses and independent consultants or experts retained in connection with the instant action by Defendant; and,

    e. Judges, clerks, mediators or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

  5. Before any person identified in paragraphs 4(b) and 4(d) is given access to confidential information, he or she shall sign the "Agreement To Be Bound By Stipulation and Order of Confidentiality" attached hereto stating that he or she has received a copy of and has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this Court in connection with the enforcement of the provisions set forth herein.  Access to confidential information shall not be given to any person who has not signed such Agreement.  No such person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

6. Each disclosing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information it has designated as confidential or any portion thereof, or any document or information that is not generally and lawfully known to the public, only by explicit written waiver, not by inadvertent disclosure. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.

7. The parties are engaged in the production and exchange of documents including electronic data, pursuant to various discovery requests propounded by each party. Both parties acknowledge that given the volume and nature of material being exchanged, it will be difficult for the producing party to identify with certainty every potentially privileged document prior to production and there is a possibility that privileged material may be produced inadvertently. Accordingly, the parties have agreed to the following nonwaiver agreement: A party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within ten days after the producing party actually discovers, through any source, that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document and any copies thereof and follow the procedures identified in Fed. R. Civ. P. 26(b)(5)(B). By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and request an order of the court denying such privilege.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or

information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Moreover, nothing in this Order shall prevent a party from withholding production of a document considered privileged (including, but not limited to, on the bases of HIPPA, the attorney-client privilege or attorney work product doctrine) or otherwise protected from production.

9. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days notice to the opposing party.

10. Prior to filing any documents containing confidential information, the parties must obtain leave of the Court to file such documents under seal. Any confidential information may be filed with the Court without seal if agreed to by the parties or otherwise ordered by the Court.

11. This Stipulation of Confidentiality may be amended by the agreement of the parties in the form of a written amendment to the Stipulation of Confidentiality.

12. This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

13. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession, custody or control of

each party or any person gaining possession, custody or control by each party, shall be returned to the opposing party, or be certified to be destroyed.  However, for archival purposes, counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto, subject to the provisions of this Stipulation.

14. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.  All rulings with regard to admissibility of evidence will be made at the time of trial.

15. Pending court approval of this Stipulation, the parties agree to abide by all of its terms, as if it had been approved by the Court.

**SO AGREED:**

| | |
|---|---|
| LAW OFFICE OF CLARA R. SMIT, ESQ. | CLIFTON BUDD & DeMARIA, LLP |
| *Attorneys for Plaintiff* | *Attorneys for the Defendant* |
| 100 Horizon Center Boulevard | The Empire State Building |
| Hamilton, New Jersey 08691 | 350 Fifth Avenue, 61st Floor |
| | New York, NY 10118 |
| By:  */s/Clara R. Smit* | By:  */s/Ian-Paul A. Poulos* |
| Clara R. Smit | Arthur J. Robb |
| Bruce J. Gitlin | Ian-Paul A. Poulos |

**SO ORDERED:**

_____    Dated: 12/13/21
Hon. Paul E. Davison

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                :

ANNETTA LUCKEY,                            :

                                  Plaintiff,               :        No. 20-cv-01161-NSR-PED

                                  -against-                :

ST. LUKE'S CORNWALL HOSPITAL,     :

                                Defendant.            :

-------------------------------------------------------------------x

**AGREEMENT TO BE BOUND BY STIPULATION**
**AND ORDER OF CONFIDENTIALITY**

I,_____, declare as follows:

1. I have read and am familiar with the terms of the Stipulation and Order of Confidentiality ("Order") in the above-captioned case governing disclosure of information designated as confidential.

2. I understand and agree that any information designated as "Confidential Information" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any of said confidential information other than under the limited conditions permitted in the Order.

3. I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of said Order. I agree not to use any confidential information for any purpose other than the litigation of the above-captioned matter.

4.      I agree that within the time frame specified in the Order, I will return all confidential information to the party who provided it to me, as well as all copies thereof and will destroy any notes in my possession containing any confidential information covered by the terms of this Order, or be certified to be destroyed.

5.      I acknowledge that the Order is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Order.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this _____ day of _____, 202__, at _____.

_____
Signature

_____
Printed Name

_____
Address